UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MILTON CAMPBELL, | : | |
|     Plaintiff, | : | 3:19-CV-1878 (JCH) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF CORRECTION | : | FEBRUARY 5, 2020 |
| and STATE OF CONNECTICUT, | : | |
|     Defendants. | : | |

## INITIAL REVIEW ORDER

On November 25, 2019, the plaintiff, Milton Campbell, a sentenced inmate currently in the custody of the Connecticut Department of Correction ("DOC"), filed this civil rights complaint, pro se and in forma pauperis, pursuant to section 1983 of title 42 of the United States Code against the DOC and the State of Connecticut [Doc. No. 1]. He alleges cruel and unusual punishment based on a failure to receive replacement dentures, and he seeks compensatory damages in the amount of $20,000.

For the following reasons, the court dismisses the Complaint for lack of jurisdiction.

### I.     STANDARD OF REVIEW

Pursuant to section 1915A of title 28 of the United States Code, the court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  If the prisoner is proceeding pro se, the allegations of a complaint must be

1

read liberally to raise the strongest arguments that they suggest.  See Tracy v. Freshwater, 623 F.3d 90, 101-102 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints.   A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a pro se complaint, a pro se complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard.  See, e.g., Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015).

## II.     DISCUSSION

The Eleventh Amendment to the United States Constitution generally bars suits for money damages brought by individuals against states and state agencies.  See U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); see, e.g., Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982) ("A suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity.") (citation omitted); Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100-02 (1984).

Eleventh Amendment immunity "is not absolute."  <u>Close v. State of N.Y.</u>, 125 F.3d 31, 36 (2d Cir. 1997).   A state may be subject to suit where Congress has abrogated a state's sovereign immunity through a statutory enactment, or where a state has waived its immunity and agreed to be sued in federal court.  <u>Id</u>.  Neither of these circumstances applies in this case. "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity."  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66 (1989).   Further, Connecticut has not waived its sovereign immunity under section 1983.  <u>Wagner v. Connecticut Dept. of Correction</u>, 599 F. Supp. 2d 229, 238 (D. Conn. 2009) (dismissing claims against DOC as barred by Eleventh Amendment).   Additionally, the plaintiff has not alleged any facts giving rise to an inference that either the State of Connecticut or the DOC has consented to be sued. Because the plaintiff's claims against the State of Connecticut and the DOC are barred by the Eleventh Amendment, this action is DISMISSED.

### ORDER

For the foregoing reasons, the Complaint against the State of Connecticut and the DOC is DISMISSED.   Within thirty (30) days of this ruling, the plaintiff may file an amended complaint that alleges his claims against individual defendants who have personal involvement in the alleged constitutional violation.   Failure to file an amended complaint within 30 days of this order will result in dismissal of this action with prejudice.

**SO ORDERED.**

Dated at New Haven, Connecticut this 5th day of February 2020.

                                                        /s/ Janet C. Hall
                                                     Janet C. Hall
                                                     United States District Judge