UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MILTON CAMPBELL,<br>    Plaintiff, | :<br>:<br>: | 3:19cv1878 (JCH) |
| v. | :<br>: | |
| CORRECTION OFFICER DOE,<br>CAPTAIN RONALD BLACK, FRANK<br>CUEVAS,<br>    Defendants. | :<br>:<br>:<br>: | APRIL 30, 2020 |

## **INITIAL REVIEW ORDER**

On November 25, 2019, the plaintiff, Milton Campbell, a sentenced inmate[1] currently in the custody of the Connecticut Department of Correction ("DOC"), filed this civil rights Complaint, pro se and in forma pauperis, pursuant to section 1983 of title 42 of the United States Code against the DOC and the State of Connecticut. Complaint ("Compl.") (Doc. No. 1). He alleged cruel and unusual punishment based on a failure to receive replacement dentures. The court dismissed the Complaint because Campbell's claims against DOC and the State of Connecticut were barred by the Eleventh Amendment. See IRO (Doc. No. 9) at 3. The court permitted Campbell to file an amended complaint to allege plausible constitutional claims against individual defendants. Id.

On February 13, 2020, Campbell filed his Amended Complaint against three employees at MacDougall-Walker Correctional Institution ("MacDougall-Walker"):

---

[1] The DOC website shows that Campbell was sentenced on December 15, 2010, and is serving a 25-year sentence. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=165082 (last accessed Apr. 29, 2020); see also Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012) (noting that a court may "take judicial notice of relevant matters of public record").

1

Correctional Officer John Doe, Captain Ronald Black, and Dentist Frankie Cuevas. See Amended Complaint ("Am. Compl.") (Doc. No. 13). Campbell seeks damages and a replacement set of dentures. Id. at 9. Upon initial review, the court will permit Campbell's Eighth Amendment claims to proceed beyond initial review.

I.  STANDARD OF REVIEW

Pursuant to section 1915A of title 28 of the United States Code, the court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. See Tracy v. Freshwater, 623 F.3d 90, 101-102 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. See, e.g., Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015).

## II.     BACKGROUND

In January 2017, Correction Officer John Doe threw out Campbell's dentures during a shakedown at MacDougall-Walker.  Am. Compl. at 6.  Campbell wrote to Captain Black with an Inmate Request seeking the name of the correction officer who had conducted the shakedown of his cell.  Id.  However, he received no response from Captain Black.  Id.  Captain Black also acted unreasonably with respect to making out an Inmate Incident Report for replacement of his dentures.  Id.  When Campbell asked Captain Black about the Inmate Incident Report, Captain Black indicated that there was no way Campbell would be getting that.  Id.

Because most of his teeth are on the top, Campbell experiences pain when he bites down on his gums; thus, eating food has caused him pain and suffering.  Id.

In January 2017, dentist Frankie Cuevas was notified that Campbell had bleeding gums from the top teeth biting down on his gums.  Id. at 7.  Cuevas indicated that he needed Captain Black's Inmate Incident Report so that he could replace Campbell's dentures.  Id.  However, time passed and Campbell's existing teeth became loose, requiring painful extraction.  Id.

In October and November 2019, Campbell received dental treatment, and Cuevas provided him with partial dentures.  Id. at 7-8.  However, when Campbell tried them on, he experienced a lot of pain.  Id. at 8.  The dentist said that the pain would go away, but Campbell is still in severe pain.  Id.

When Campbell returned to the dentist, he had x-rays taken that showed his K-9 tooth was very loose.  After this tooth was pulled in December 2019, Campbell was left

with only four upper left side teeth remaining. Id. at 7-8.

Campbell seeks the relief of having UConn Hospital make him a full set of dentures that fit him correctly after all of his remaining teeth have been extracted. Id. at 8-9.

## III. DISCUSSION

### A. Eighth Amendment Deliberate Indifference to Medical Needs

The court construes the Amended Complaint as asserting an Eighth Amendment claim of deliberate indifference to medical needs based upon the alleged deprivation of his dentures and failure to provide him with adequate replacement dentures.

In Estelle v. Gamble, 429 U.S. 97 (1976), the United States Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Id. at 104 (internal quotation marks and citation omitted). The Court explained that "[t]his is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-105.

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Harrison v. Barkley, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). In order to state a deliberate indifference claim, a plaintiff must allege both that his medical need was

serious and that the defendants acted with a sufficiently culpable state of mind. See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (citing Estelle, 429 U.S. at 105). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted).

When an inmate brings an Eighth Amendment deliberate indifference claim based on "a temporary delay or interruption" of treatment, the court's objective "serious medical need inquiry can take into account the severity of the temporary deprivation alleged by the prisoner." Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003). The court should consider the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." Id. "[I]n most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm." Id. at 187. Subjectively, the defendants must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of their conduct. See Salahuddin v. Goord, 467 F.3d 263, 280–81 (2d Cir. 2006).

Here, Campbell's allegations indicate that the loss of his dentures has caused him pain and deterioration of his existing teeth. For purposes of this initial review, the court concludes that Campbell has stated a serious medical condition based on his need for dentures that fit correctly so as to satisfy the objective component of the Eighth

Amendment analysis. See Chance v. Armstrong, 143 F.3d 698, 702-03 (2d Cir. 1998) (finding cavities that caused extreme pain, tooth degeneration, and eating difficulties to be serious medical needs).

With respect to the subjective component, Campbell's allegations suggest that Correction Officer John Doe intentionally threw away Campbell's dentures. Am. Compl. at 6. The court considers these allegations sufficient at this early stage in the matter to state a claim of Eighth Amendment deliberate indifference to Campbell's serious medical need to wear dentures.

Campbell's allegations concerning Captain Black may be construed as asserting that Captain Black has refused to assist Campbell in identifying Correction Officer John Doe or providing an Inmate Incident Report to facilitate the replacement of Campbell's dentures. Id. These allegations raise a plausible inference that Captain Black acted with deliberate indifference to Campbell's need for replacement dentures.

Campbell alleges that Cuevas has provided him with some dental treatment, even providing him with partial dentures, but that he remains in pain without a full set of dentures. Id. at 7. Generally, an inmate's disagreement with the medical provider about his medical treatment is not sufficient to state an Eighth Amendment violation. "[Courts] do not sit as a medical board of review. Where the dispute concerns not the absence of help but the choice of a certain course of treatment, or evidenced mere disagreement with considered medical judgment, [the court] will not second guess the doctors." Hathaway, 37 F.3d at 70. However, a medical defendant may be deliberately indifferent by consciously providing an inmate with "an easier and less

efficacious" treatment plan.  Chance, 143 F.3d at 704; see also Braham v. Perelmuter, No. 3:15-CV-1094 (JCH), 2017 WL 3222532, at *16 (D. Conn. July 28, 2017) (evidence, including opinion from another dentist, indicating that dentist may have chosen easier route of extracting rather than restoring teeth raised question of whether course of treatment was based on sound medical judgment).  The allegations suggest that Cuevas may have provided an easier but less effective treatment for Campbell, which has caused Campbell to suffer pain without a full set of dentures.  Accordingly, the court considers Campbell's allegations sufficient to set forth a plausible Eighth Amendment deliberate indifference claim against Cuevas.

**B.     Official Capacity**

In his request for relief, Campbell requests a set of dentures that fit him correctly. The court construes this request as seeking injunctive relief against defendants in their official capacities.

In Ex parte Young, 209 U.S. 123 (1908), the United States Supreme Court recognized a limited exception to the Eleventh Amendment's grant of sovereign immunity from suit to permit a plaintiff to sue a state official acting in an official capacity for prospective injunctive relief for continuing violations of federal law.  Id. at 155–56; In re Dairy Mart Convenience Stores, Inc., 411 F.3d 367, 371 (2d Cir. 2005).  "A plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from violations of federal law."  In re Deposit Ins. Agency, 482 F.3d 612, 617 (2d Cir. 2007).

Because Campbell's request for a set of dentures to relieve his pain seeks prospective relief for a plausible ongoing Eighth Amendment violation, the court permits this request to proceed beyond initial review.[2] See Tanner v. Cuevas, No. 19-CV-1432, 2019 WL 6216542, at *4 (D. Conn. Nov. 21, 2019) (allowing claim for injunctive relief involving a new set of dentures to proceed).

**ORDER**

The court enters the following Orders:

(1) The case shall proceed on Campbell's Eighth Amendment claims based on deliberate indifference to his dental needs against Correction Officer John Doe, Captain Ronald Black, and Dentist Frankie Cuevas in their individual capacities. Campbell's request for injunctive relief may proceed against the defendants in their official capacities.

(2) The clerk shall verify the current work addresses for Captain Ronald Black and Frankie Cuevas with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint (Doc. No. 13) and this Order to them at their confirmed addresses within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with

---

[2] Any claims for money damages against the defendants, who are state employees, in their official capacities must be dismissed as barred by the Eleventh Amendment. See, e.g. Kentucky v. Graham, 473 U.S. 159, 169 (1985).

Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall prepare a summons form and send an official capacity service packet, including the amended complaint (Doc. No. 13) and this Initial Review Order on the United States Marshal Service. The U.S. Marshal is directed to effect service of the complaint on defendants Captain Ronald Black and Frank Cuevas in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this Order and file a return of service within **thirty (30) days** from the date of this order.

(4) The Clerk cannot effect service on a Doe defendant without that defendant's full name and current work address. Plaintiff is directed to obtain this information during discovery and to file a notice containing the information with the court. **Once a defendant Doe has been identified, the court will order that he or she be served with a copy of the complaint. Failure to identify a Doe defendant will result in the dismissal of all claims against that defendant.**

(5) The Clerk shall send a courtesy copy of the Amended Complaint (Doc. No. 13) and this Order to the DOC Office of Legal Affairs.

(6) The defendants shall file their response to the Amended Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. The defendants may also include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this Order.  Discovery requests need not be filed with the Court.

(8) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court.  The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(9) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this Order.

(10) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(11)   If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  He should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  He should also notify the defendants or defense counsel of his new address.

(12) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.  The plaintiff is advised that the Program may be used only to file documents

with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED.**

Dated at New Haven, Connecticut this 30th day of April 2020.

    /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge